# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HÉCTOR L. MOLINA-NADAL,<br><br>**Petitioner,**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Respondents.** | **Civil No.** 17-2228 (FAB) |

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Respondents the Commonwealth of Puerto Rico, the Department of Corrections and Rehabilitation, and Attorney General Wanda Vázquez-Garced in her official capacity only (collectively, "respondents") move to dismiss petitioner Héctor L. Molina-Nadal ("Molina")'s *habeas corpus* petition pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 19.) The petitioner has not opposed the respondents' motion. For the reasons set forth below, the respondents' motion to dismiss (Docket No. 19) is **GRANTED.**

## I. BACKGROUND

On March 25, 2013, the Puerto Rico Court of First Instance, Mayagüez Division, sentenced Molina to seventeen (17) years and one (1) day in prison, after he pled guilty to one count of third degree robbery, pursuant to Article 198 of the Puerto Rico Penal

Civil No. 17-2228 (FAB)                                               2

Code of 2004 ("Penal Code"), P.R. Laws Ann. tit. 33, § 4826, one count of aggravated restriction of freedom, pursuant to Article 168 of the Penal Code, P.R. Laws Ann. tit. 33, § 4796, one count of illegal possession of a firearm, pursuant to Article 5.04 of the Puerto Rico Weapons Act of 2000 ("Weapons Act"), P.R. Laws Ann. tit. 25, § 458(c), one count of illegal possession of a bladed weapon, pursuant to Article 5.05 of the Weapons Act, P.R. Laws Ann. tit. 25, § 458(d), and one count of discharging or pointing a firearm, pursuant to Article 5.15 of the Weapons Acts, P.R. Laws Ann. tit. 25, § 458(n).  (Docket No. 2 at p. 4.)

   Molina did not seek review of his conviction through direct appeal to the Puerto Rico Court of Appeals.  (Docket No. 2 at p. 5.)  Molina challenged his conviction by filing a motion pursuant to Puerto Rico Rule of Criminal Procedure 192.1 ("Rule 192.1"), but the trial court denied his motion on July 31, 2017, and Molina did not appeal the trial court's decision.  (Docket No. 2 at pp. 5-8.)  Molina did not file a *habeas corpus* petition in state court pursuant to Puerto Rico law.

   On October 4, 2017, Molina filed a *habeas corpus* petition in this Court pursuant to 28 U.S.C. section 2254 ("section 2254"). (Docket No. 2.)

**II. DISCUSSION**

Rule 12(b) permits a party to assert defenses against claims for relief. Fed. R. Civ. P. 12. A Court, nonetheless, "must construe the complaint liberally," Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996), and a complaint that adequately states a claim may still proceed even if "recovery is very remote and unlikely." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011) (internal quotation marks and citations omitted); see Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) ("In considering the pre-discovery grant of a motion to dismiss for lack of standing, [courts] accept as true all well-pleaded factual averments in the plaintiff's . . . complaint and indulge all reasonable inferences therefrom in his favor.") (internal citation omitted).

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555.

A federal court may consider an application for a writ of *habeas corpus* when a petitioner asserts that his or her conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Lyons v. Brady, 666 F. 3d 51, 55 (1st Cir. 2012). To be eligible for relief, a petitioner must show that he or she has either exhausted all state court remedies for each claim raised, or that he or she is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(b)-(c); Báez-Figueroa v. Att'y Gen. of P.R., 2015 WL 5436910, at *4 (D.P.R. Sept. 15, 2015) (Besosa, J.) (citations omitted).

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999); see Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A "habeas petitioner has to avail himself, not only of whatever appeals he was entitled to as a matter of right, but also as to any discretionary remedies available." Díaz-Castro v. Román-Román, 683 F. Supp. 189, 191 (D.P.R. 2010) (Casellas, J.).

To exhaust state remedies in the Commonwealth of Puerto Rico, a petitioner must either file a motion requesting that the trial court vacate, set aside, or correct the judgment pursuant to Rule 192.1, or file a petition requesting a writ of *habeas corpus* pursuant to section 1741 of the Puerto Rico Code of Criminal Procedure ("section 1741"). See P.R. Laws Ann. tit. 34, § 1741-43. Exhaustion is only satisfied after the motion or petition is appealed and reviewed by the Supreme Court of Puerto Rico. See P.R. Laws Ann. tit. 34, § 1779.

Molina did not exhaust the available state remedies necessary to seek relief in this Court. Although Molina did challenge his conviction pursuant to Rule 192.1, he did not appeal the court's denial of his motion, nor did he petition for a writ of certiorari to the Supreme Court of Puerto Rico or file a petition for *habeas corpus* in state court. (Docket No. 2 at pp. 6-8.) Because Molina must "avail himself, not only of whatever appeals he was entitled to as a matter of right, but also as to any discretionary remedies available" before he may seek such remedies in federal court, the Court will not consider Molina's petition. See Díaz-Castro, 683 F. Supp. at 191.

**III. CONCLUSION**

For the reasons stated, the respondents' motion to dismiss (Docket No. 19) is **GRANTED**.  Molina's petition (Docket No. 2) is **DISMISSED WITH PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, October 31, 2018.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE